IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAN BROOKS, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMUNITY STRATEGIES INC. )<br>d/b/a EPIC CHARTER SCHOOLS, )<br>)<br>Defendants. ) | Case No. CIV-25-1209-SLP |

### O R D E R

This matter is before the Court on Defendant's Motion to Dismiss [Doc. No. 11] and Defendant's Motion to Enforce [Doc. No. 12] filed on October 20, 2025. On November 3, 2025, Plaintiffs filed an Amended Complaint [Doc. No. 13]. "The [A]mended [C]omplaint, as the operative complaint, supersedes the original complaint's *allegations*[.]" *May v. Segovia*, 929 F.3d 1223, 1229 (10th Cir. 2019). Thus, those allegations are of "no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). Therefore, Defendant's Motion to Dismiss [Doc. No. 11] and Motion to Enforce [Doc. No. 12] are DENIED AS MOOT.[1]

---

[1] Plaintiffs filed Notices asserting that no response is necessary to Defendant's Motions because they are moot in light of the Amended Complaint. *See* [Doc. Nos. 14 and 15]. Plaintiffs further state that the Motion to Enforce is moot because the Amended Complaint "does not contain any claims arising under state law which were allegedly released by the claimed settlement agreements." [Doc. No. 14]. Although the Court denies Defendant's Motion to Enforce as moot, the parties should not construe this Order as agreeing with Plaintiffs' statement or characterization of the claims. Defendant may refile its motions pursuant to the applicable rules, if necessary.

IT IS SO ORDERED this 4th day of November, 2025.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE